UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JESSE R. GILL,
      Plaintiff,

      v.                                    C.A. No. 11-462-ML

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,
      Defendant.

**MEMORANDUM AND ORDER**

    MARY M. LISI, Chief District Judge.

    The plaintiff in this case (the "Plaintiff") seeks a reversal of a disability determination of the Commissioner of Social Security, pursuant to which the Plaintiff's applications for Social Security Disability Insurance benefits ("SSDI") and Supplemental Security Income benefits("SSI") were denied. The matter is before the Court on the Defendant's objection (Docket # 16) to a Report and Recommendation ("R&R") issued by a Magistrate Judge on November 26, 2012. (Docket # 15). Specifically, the Defendant objects to the R&R's recommendation that the case be remanded for the "limited purpose of developing the record with respect to the effect of Plaintiff's anxiety disorder on his RFC [residual functional capacity]."  R&R at 27. The Plaintiff has not submitted any response to the Defendant's objection to the R&R.

1

**I. Standards of Review**

In considering a party's objection to an R&R, several different standards of review come into play. First, "when a magistrate judge passes upon a dispositive motion, he or she may only issue a recommended decision, and if there is a timely objection, the district judge must engage in de novo review." PowerShare, Inc. v. Syntel, Inc., 597 F.3d 10, 14 (1st Cir. 2010). Pursuant to 28 U.S.C. § 636, this Court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." Id.; Fed. R. Civ. P. 72(b)(3).

Secondly, the Court's "judicial review of a Social Security claim is limited to determining whether the ALJ [administrative law judge] used the proper legal standards and found facts upon the proper quantum of evidence." Ward v. Comm'r of Soc. Sec., 211 F.3d 652, 655 (1st Cir. 2000). Although questions of law are reviewed de novo, the Court must "defer to the Commissioner's findings of fact so long as they are supported by substantial evidence." Id. The determination of substantiality is made "upon an evaluation of the record as a whole." Brown v. Apfel, 71 F. Supp.2d 28, 30 (D.R.I. 1999)(citing Ortiz v. Sec'y of Health and Human Serv., 955 F.2d 765, 769 (1st Cir. 1991)("We must uphold the Secretary's findings

... if a reasonable mind, reviewing the evidence in the record as a whole, could accept it as adequate to support his conclusion.") Moreover, the Court "must avoid reinterpreting the evidence or otherwise substituting its own judgment for that of the Commissioner." Brown v. Apfel, 71 F. Supp.2d at 30-31 (citing Colon v. Sec'y of Health and Human Serv., 877 F.2d 148, 153 (1st Cir. 1989)).

If the Commissioner's decision is supported by substantial evidence in the record, the decision must be confirmed "even if the record arguably could justify a different conclusion." Rodriquez Pagan v. Sec'y of Health and Human Serv., 819 F.2d 1, 3 (1st Cir. 1997)(per curiam), *cert. denied*, 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 663 (1988) (citing Lizotte v. Sec'y of Health and Human Serv., 654 F.2d 127, 128 (1st Cir.1981)); Vazquez-Rosario v. Barnhart, 149 Fed. Appx. 8, 10 (1st Cir. 2005)(noting that "[i]t is the ALJ's prerogative to resolve conflicting evidence.") Although the ALJ may not "ignore medical evidence and substitute his own views for uncontroverted medical opinion," Nguyen v. Chater, 172 F.3d 31, 34 (1st Cir.1999) (per curiam), the Commissioner's findings of fact, if adequately supported, are conclusive. Brown v. Apfel, 71 F. Supp.2d at 30.

## II. Factual Background and Procedural History

The background facts and travel of the case have been set forth in thorough detail in the R&R; therefore, only a brief

summary of the most pertinent facts and events will be summarized herein. At the time of the ALJ's decision, the Plaintiff was a 28 year old male, whose diagnoses include borderline intelligence, complex partial epilepsy, anxiety, headaches, and a tremor. The Plaintiff's first application for disability benefits was allowed on October 1, 2004; however, his benefits were terminated in February 2005 because he failed to respond to a redetermination. Tr. 115-117.

On August 12, 2009, the Plaintiff applied for disability insurance benefits ("DBI"). Tr. 44, 91-94. On August 21, 2009, the Plaintiff applied for SSI. Tr. 45, 95-101. On both applications, the Plaintiff claimed disability beginning September 21, 2008. Tr. 91, 95. After the Commissioner twice denied the Plaintiff's claims, the case was heard before an Administrative Law Judge ("ALJ") on May 26, 2011. Tr. 21-37. In a written decision dated June 8, 2011, Tr. 7-17, the ALJ concluded that the Plaintiff "has not been under a disability within the meaning of the Social Security Act from September 21, 2008 through the date of this decision." Tr. 7. The decision became final on August 31, 2011 when the Appeals Council denied review of the claim. Tr. 1-3. Up until that time, the Plaintiff had proceeded *pro se.*

On September 29, 2011, now assisted by counsel, the Plaintiff again filed for SSDI and for SSI. Both applications were granted on June 25, 2012, and the beginning date of the Plaintiff's disability

was specified as June 9, 2011.[1] (Docket # 12-3, Ex. C).

On October 11, 2011, shortly after re-applying for SSDI and SSI benefits, the Plaintiff sought a review of the Commissioner's denial of the Plaintiff's August 2009 applications. (Docket # 1). On May 1, 2012, the Plaintiff filed a motion (Docket # 9) for reversal of the Commissioner's decision on the grounds that the ALJ failed to (1) elicit a knowing waiver from the Plaintiff regarding his right to representation at the hearing, (2) develop the record regarding the Plaintiff's mental and physical impairments, and (3) employ the services of a medical advisor for the hearing. In response (Docket # 10), the Defendant sought affirmation of the Commissioner's decision, maintaining that (1) the Plaintiff knowingly waived his right to representation; (2) the ALJ sufficiently considered and developed the record with respect to the Plaintiff's mental and physical impairments; and (3) the ALJ was not required to obtain medical expert testimony.

On July 18, 2012, after the Plaintiff's September 2011 applications had been granted, the Plaintiff filed a reply to the Defendant's motion for affirmation of the Commissioner's decision (Docket # 12) with respect to the August 2009 applications. (Docket

---

[1] Although the Plaintiff's Reply (Docket # 12 at pages 2, 4) and the R&R (Docket # 15 at page 5) specify that the Plaintiff's disability began on June 9, 2012 as the "the first date not legally precluded" by the ALJ's unfavorable decision dated June 8, 2011, the notice of award states that the Plaintiff was found disabled as of June 9, 2011. (Docket # 12-2, Page 1 of 1).

# 12). The Plaintiff argued that the "allowance of [his] subsequent applications is material in that it is evidence of the harm he has suffered by the ALJ's failure to comply with the law, regulations and rules regarding [the] Commissioner's obligations in this non-adversarial system." Pltf.'s Reply 2 (Docket # 12). The Plaintiff also pointed out that the grant of his subsequent applications "were based in large part upon the psychiatric examination conducted ... on November 3, 2011," id. at 3, five months after the hearing on his earlier applications had taken place. He further suggested that "[t]he proximity of the established onset of disability [June 9, 2011] to the prior denial [June 8, 2011] makes this new evidence material to the determination of whether the prior denial was correct." Id. at 4. In a surreply, the Defendant rejected that contention. (Docket # 14 at 2)("[T]he mere existence of the subsequent allowance does not constitute new and material evidence under 42 U.S.C. 21 405(g).").

In a detailed and thorough R&R, the Magistrate Judge considered all aspects of the case in light of the standard of review set forth in 42 U.S.C. § 405(g) and concluded that (1) the ALJ did not err in accepting the Plaintiff's waiver of his right to be represented by counsel at the hearing, R&R at 18; (2) a sufficient basis was shown for remand for the limited purpose of ascertaining whether Plaintiff can present additional evidence bearing on whether his anxiety disorder was of disabling severity,

6

R&R at 24-25; and (3) the Plaintiff failed to sustain his burden of demonstrating that the evidence of the subsequent favorable determination is new and material so as to justify remand. Id. at 26.

In the absence of any objections to items (1) and (3) by either party, the only question before the Court is whether the case should be remanded for further development of the record regarding the effect of the Plaintiff's anxiety disorder on his RFC for the time period between September 21, 2008 and June 8, 2011. See United States v. Valencia-Copete, 792 F.2d 4, 6 (1st Cir. 1986).

**III. Discussion**

A. The ALJ's Decision

The ALJ's findings included that the Plaintiff suffers from "the severe impairments of a learning disorder, borderline intellectual functioning disorder, an anxiety disorder NOS [not otherwise specified], and a likely seizure disorder." Tr. 9. The ALJ acknowledged that "[t]hese conditions have more than a minimal impact on functioning and are, therefore, severe impairments." Id. However, the ALJ concluded that the Plaintiff's impairments did not meet or medically equal one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525,

404.1526, 416.920(d), 416.925 and 416.926)[2]. Tr. 10. Specifically, the ALJ found that the Plaintiff's mental impairments resulted only in mild restrictions on the activities of daily living and moderate difficulties both in social functioning and with regard to concentration, persistence or pace. Id. at 10-11.

At the May 26, 2011 hearing, following a thorough questioning of the Plaintiff, the ALJ posed a number of hypothetical questions to Ruth Baruch ("Baruch"), the vocational expert. Tr. 34-37. In one such hypothetical, the ALJ questioned whether an individual with the Plaintiff's background and limitations could perform certain type of work. Tr. 34-35. Baruch affirmed that such an individual could perform medium, unskilled production type of jobs, Tr. 35, light, unskilled production type of jobs, id., and unskilled, sedentary production jobs. Tr. 35-36.

The ALJ then asked Baruch whether it would affect her answer with respect to the hypothetical if the individual also had a moderate limitation in the ability to respond appropriately to customary work pressure. Tr. 36. In response, Baruch stated "No, your honor." Tr. 36. The ALJ also inquired about the impact of "moderately severe limitation in the ability to maintain concentration, persistence and pace, or the ability to respond

---

[2] A finding that a claimant's impairments meet or medically equal such criteria results in a finding of disability. If the criteria are not met, the analysis continues.

appropriately to customary work pressures," to which Baruch responded: "Then I would say that they would be unable to perform any jobs in significant numbers in the local and national economy." Tr. 36.

Based, in part, on a finding that the Plaintiff had the "residual functional capacity to perform a full range of work (with some limitations)," the ALJ concluded that the Plaintiff, given his age, education, work experience and RFC, could perform jobs found in significant numbers in the national economy and was, therefore, not disabled. Id. at 11,15,16.

B. Substantial Evidence

A thorough review of this case reveals that the ALJ's ultimate conclusion was substantially supported by an adequately developed record with respect to the Plaintiff's asserted anxiety disorder. In order to assess "the presence of any mental impairments such that these impairments hamper the Plaintiff's ability to work and complete tasks of daily living," an examiner with Disability Determination Services referred the Plaintiff to Dr. Wendy Schwartz, Ph. D. ("Dr. Schwartz") for a psychological evaluation and testing. Tr. 178.

As acknowledged by the ALJ, the report issued by Dr. Schwartz on October 13, 2009 reflects that she diagnosed the Plaintiff with "an anxiety disorder NOS and borderline intelligence with a Global

Assessment Functioning [("GAF")] of 53."[3] Tr. 13, 185. With respect to the GAF, the ALJ noted that the score "indicates moderate psychiatric limitations consistent with the hypothetical [posed by the ALJ to the vocational expert] and the findings of non-examining sources." Tr. 14. Regarding the latter, the ALJ explained that "[o]n December 31, 2009, and April 8, 2010, non-examining sources assessed mild to moderate psychiatric limitations." Tr. 13.

The report by Dr. Schwartz reflected that the Plaintiff "reports a history of anxiety, but was not specific about his symptoms, denies specific panic symptoms or chronic worrying, but stated that he generally just feels anxious and has since he was little." Tr. 185. Dr. Schwartz recommended "[p]sychiatric referral to determine how psychotropic and/or psychotherapeutic intervention will be beneficial for this patient at this time." Tr. 186. However, as noted by the ALJ, at the time of the May 26, 2011 hearing, the Plaintiff was not in psychiatric treatment, Tr. 15, nor was he on any medications for his anxiety. Tr. 26.

A December 31, 2009 case analysis undertaken by Dr. Rudnick, based on a review of the Plaintiff's records including Dr. Schwartz's October 13, 2009 report, acknowledged that anxiety was

---

[3] As pointed out by the Defendant, a GAF score between 51 - 60 indicates "moderate symptoms" or "moderate difficulty in social occupational, or school functioning". American Psychiatric Ass'n, Diagnostic and Statistical Manual of Mental Disorders 32 (4th ed. 1994).

present. Tr. 193. Nevertheless, Dr. Rudnick concluded that the Plaintiff's functional capacity was only mildly or moderately limited. Tr. 198, 202-203. Dr. Rudnick's conclusions were adopted "as written and assessed" by Joseph Litchman, Ph. D. ("Dr. Litchman") after conducting a review of all medical evidence. Tr. 206.

The conclusions by the cited non-examining sources are consistent with other records. As set forth in the ALJ's decision, records by Robert H. Cohen, M.D. ("Dr. Cohen"), dated June 11, 2010 and September 22, 2010, noted that "the [Plaintiff] cited mild depression without anxiety." Tr. 13. Records from Alla Korennaya, M.D. ("Dr. Korennaya"), dated June 16 through September 27, 2010, indicated that "the [Plaintiff] denied depression, mood changes, and anxiety." Tr. 13. Those findings by the ALJ are all supported by the record. See e.g., Tr. 213 ("No evidence of depression or anxiety"); Tr. 219 ("[Plaintiff] reports depression (mild) and reports no anxiety").

As further stated in the ALJ's decision, the record, including the Plaintiff's own testimony, established that the Plaintiff was able to perform a wide range of activities on a regular basis, including caring for his young sons while his wife worked, driving, doing household chores and laundry, cooking, shopping, taking the children to parks and family activities, managing finances, and performing other activities of daily living independently. See

e.g., Tr. 10, ¶¶ 1, 4, 5, Tr. 11 ¶ 2, Tr. 13 ¶ 1, Tr. 14 ¶ 1, 2, Tr. 15; Tr. 27-33.

In sum, there was ample support in the record for the ALJ's finding that "the [Plaintiff's] medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, the [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not credible to the extent they are inconsistent with the above residual functional capacity assessment." Tr. 13. Likewise, there is evidence for the ALJ's determination that, although the Plaintiff was found to have some level of impairments by all examining and non-examining sources, "the record does not support the degree of limitation alleged." Id.

With respect to the Plaintiff's claimed anxiety, the ALJ noted that the Plaintiff "testified that he had anxiety, but was not in counseling or on medication" and that the Plaintiff "informed Dr. Cohen that he had mild depression without anxiety or sleep disturbance [,] then he told Dr. Korennaya that he had no depression, mood changes or anxiety [,] with Dr. Korennaya observing no evidence of depression or anxiety during examinations." Tr. 14. Therefore, the AJL deemed the Plaintiff's "reports of depression or anxiety . . . not entirely credible as he has no psychiatric treatment and is on no psychiatric medication." Tr. 15.

12

At the May 26, 2011 hearing on the Plaintiff's August 2009 applications for SSDI and SSI, the ALJ specifically asked the Plaintiff about his anxiety. Tr. 26. The Plaintiff represented that he was not in psychiatric treatment and that he was not on any medications for his anxiety. Id. The Plaintiff also stated that "[t]he doctor is going to do further testing." Id.

In sum, although the October 13, 2009 report, issued by Dr. Schwartz after her consultative examination of the Plaintiff, suggested that the Plaintiff's "ability to respond appropriately to customary work pressure, colleagues and supervisors appears to be moderately to severely impaired," Tr. 185, other evidence in the record, which was expressly considered by the ALJ, suggested a lesser impairment. Because the resolution of conflicting evidence is the prerogative of the ALJ, see Roman-Roman v. Comm'er of Soc. Sec., 114 Fed. Appx. 410, *1 (1st Cir. 2004), the ALJ's determination, if supported by substantial evidence, must be affirmed. Rodriguez Pagan v. Sec'y of Health and Human Serv., 819 F.2d at 3. Having reviewed the record, this Court is of the opinion that the ALJ's conclusions were sufficiently supported by the evidence before her.

## Conclusion

For the reasons stated herein, the Commissioner's decision is

AFFIRMED and the Plaintiff's request for remand is DENIED.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge

February 11, 2013