UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

JESSE R. GILL,
      Plaintiff,

      v.                          C.A. No. 11-462-ML

CAROLYN W. COLVIN,
ACTING COMMISSIONER OF SOCIAL SECURITY,
      Defendant.

**MEMORANDUM AND ORDER**

MARY M. LISI, Chief District Judge.

Before the Court is a motion by the plaintiff, Jesse R. Gill ("Gill"), to alter or amend a judgment pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. For the reasons stated herein, the motion is DENIED.

**I. Summary of Facts and Proceedings[1]**

In August 2009, Gill, acting *pro se* at that time, filed for Social Security Disability Insurance benefits ("SSDI") and Supplemental Security Income benefits ("SSI"). After the Commissioner twice denied Gill's applications, the case was heard

---

[1] Detailed summaries of the background facts and the procedural history of this case have been set forth in the November 26, 2012 Report and Recommendation (Docket # 15) and this Court's February 11, 2013 Memorandum and Order (Docket # 17).

on May 26, 2011 by an administrative law judge ("ALJ"), who concluded that Gill was not under a disability within the meaning of the Social Security Act for the period from September 21, 2008 (the date on which Gill claimed his disability began) through June 8, 2011 (the date of the ALJ's written decision). On September 29, 2011, Gill, now assisted by counsel, filed new claims for SSDI and SSI; those applications were granted on June 25, 2012. The beginning date of Gill's disability was specified as June 9, 2011, the day after the ALJ's prior decision. On October 11, 2011, Gill sought, in this Court, reversal of the Commissioner's denial of Gill's August 2009 applications for SSDI and SSI benefits (Docket # 1).

On November 26, 2012, a Report and Recommendation ("R&R")(Docket # 15) was issued by a Magistrate Judge, recommending that this Court remand the Commissioner's decision for the limited purpose of developing the record with respect to the effect of Gill's anxiety disorder on his RFC [residual functional capacity]. The Magistrate Judge also concluded that (1) the ALJ did not err in accepting Gill's waiver of his right to be represented at the May 26, 2011 hearing; and (2) Gill failed to sustain his burden of demonstrating that the evidence of the subsequent favorable determination was new and material so as to justify remand.

On December 12, 2012, the Commissioner filed an objection (Docket # 16) to the R&R with respect only to the recommendation

that the case be remanded for further development of the record. Gill elected not to object to the R&R or to file a response to the Commissioner's objection thereto. Because neither party objected to the other conclusions by the Magistrate Judge, see *supra*, the only issue before this Court was the question of whether the case should be remanded for further development of the record regarding the effect of Gill's anxiety disorder on his RFC for the time period between September 21, 2008 and June 8, 2011.

On February 11, 2013, this Court issued a Memorandum and Order affirming the Commissioner's decision after concluding that the "ALJ's ultimate conclusion was substantially supported by an adequately developed record with respect to [Gill's] asserted anxiety disorder." Memorandum and Order at 9 (Docket # 17); Gill v. Astrue, No. CA 11-462-ML, 2013 WL 600167 (D.R.I. Feb. 11, 2013).

On March 11, 2013, Gill filed the instant motion to alter or amend the Court's judgment pursuant to Rule 59(e). The Commissioner has not filed a response.

**II. Standard of Review**

To prevail on a Rule 59(e) motion, "the moving party "must either clearly establish a manifest error of law or must present newly discovered evidence.'" Markel American Ins. Co. v. Diaz-Santiago, 674 F.3d 21, 32 (1st Cir.2012)(quoting F.D.I.C. v. World Univ. Inc., 978 F.2d 10, 16 (1st Cir.1992); citing Marie v. Allied Home Mortg. Corp., 402 F.3d 1, 7 n. 2 (1st Cir.2005) (acknowledging

3

four grounds for granting a Rule 59(e) motion: "manifest errors of law or fact, newly discovered or previously unavailable evidence, manifest injustice, and an intervening change in controlling law.") (citing 11 C. Wright et al., Federal Practice and Procedure, § 2810.1 (2d ed.1995)).

This Court has "considerable discretion in deciding whether to grant or deny a motion to alter or amend under Rule 59(e)." Venegas-Hernandez v. Sonolux Records, 370 F.3d 183, 190 (1st Cir.2004)(citing Edward H. Bohlin Co. v. Banning Co., 6 F.3d 350, 355 (5th Cir.1993); Robinson v. Watts Detective Agency, 685 F.2d 729, 743 (1st Cir.1982); 11 Wright, Miller & Kane, Federal Practice and Procedure, § 2810.1 (West 1995)). "That discretion requires a balancing of the need for finality of judgments with the need to render a just decision." Venegas-Hernandez v. Sonolux Records, 370 F.3d at 190 (citing Edward H. Bohlin Co., 6 F.3d at 355).

The First Circuit has also noted that "a party moving for Rule 59(e) relief may not repeat arguments previously made during summary judgment ... nor may it present new arguments on a Rule 59(e) if such arguments 'could, and should, have been made before judgment issued.'" Markel American Ins. Co. v. Diaz-Santiago, 674 F.3d at 32 (quoting ACA Fin. Guar. Corp. v. Advest, Inc., 512 F.3d 46, 55 (1st Cir.2008)(internal quotation marks and citation omitted)); see also Prescott v. Higgins, 538 F.3d 32, 45 (1st Cir.2008 ("The repetition of previous arguments is not sufficient

to prevail on a Rule 59(e) motion.")

**III. Gill's Rule 59(e) Motion**

At the outset, the Court notes that Gill elected not to respond to the Commissioner's objection to the R&R and that, therefore, the Court did not have the benefit of Gill's most recent argument prior to issuing its February 11, 2013 Memorandum and Order. Gill's instant motion, although it is expressly averred under Fed. R. Civ. P. 59(e), makes no further reference to the applicable standard of review, nor does it specify on which of the four grounds Gill's request for relief is based.  Gill does not assert that he is now in possession of "newly discovered or previously unavailable evidence" or that an "intervening change in controlling law" has taken place; nor does he make a case for "manifest injustice." See Marie v. Allied Home Mortg. Corp., 402 F.3d at 7 n. 2. Rather, Gill suggests that the ALJ was required to develop the record further and that, in fairness to Gill, the ALJ easily could have done so. Mem. Mot. Alter/Amend at 3, 4, 5.

In his motion, Gill asks that this Court "reconsider its determination that substantial evidence in support of the overall outcome has overridden the clear error of law identified by the Magistrate Judge." Mem. Mot. Alter/Amend at 1 (Docket # 19-1)(emphasis added).[2] Reconsideration of a court's judgment is

---

[2] Gill requests that the case be remanded "with instructions to adjudicate the earlier claims correctly by either (a) properly

limited to cases in which the movant has "either clearly established[ed] a manifest error of law or ... present[ed] newly discovered evidence." Jorge Rivera Surillo & Co., Inc. v. Falconer Glass Indus., Inc., 37 F.3d 25, 29 (1st Cir.1994).

Gill also argues that "it is unfair to allow substantial evidence - often described as a 'mere scintilla' of evidence - to excuse" the AlJ's error in ignoring evidence and misapplying the law. Id. at 2. The error to which Gill refers relates to the Magistrate Judge's determination that "it was error for the ALJ to have rejected Dr. Schwartz's opinion without developing the record by gathering additional information from a psychiatric medical source regarding the severity of Plaintiff's anxiety disorder, as both Dr. Schwartz and Dr. Cohen had recommended." R&R at 23 (Docket # 15). In that respect, Gill's argument is the same as previously asserted in his motion for reversal of the Commissioner's decision. See Gill's Mem. (Docket # 9-1) at 5 (ALJ "failed to develop the record related to Mr. Gill's mental impairments"); id. at 7-8 ("[t]he ALJ was obligated to either adopt the limitations Dr. Schwart's [sic] identified (particularly customary work pressures

---

crediting the examining source opinion of Dr. Schwartz, or (b) fully developing the record regarding Mr. Gill's mental and physical condition." Mem. Mot. Alter/Amend at 5. This request is far broader than the R&R's recommendation that the case be remanded "for the limited purpose of developing the record with respect to the effect of Plaintiff's anxiety disorder on his RFC," and, to the extent it was not raised in an objection to the R&R, the request is waived. See United States v. Valencia-Copete, 792 F.2d 4,6 (1st Cir. 1986).

and social functioning) or more fully develop the record on that issue.").

Gill also points out that "this is a claim where there are two SSA determinations that the claimant is disabled: one involving the time period before the time period under adjudication, and one involving the time period after" and he notes that Dr. Schwartz also examined Gill for the new applications that were subsequently allowed. Mem. Mot. Alter/Amend at 3-4 (Docket # 19-1). According to Gill, "in light of the allowance of the subsequent claim, with the onset date set just one day after the ALJ's Unfavorable Decision," the ALJ should have "obtained both a current evaluation and whatever materials were contained in the claimant's prior claim file[3] that had resulted in an allowance of benefits." Id. at 5.

Gill further suggests that the Commissioner could have easily contacted Dr. Schwartz to request clarification about the limitations she identified. Id. at 4. Finally, Gill renews his previously asserted argument that "[i]n the alternative, the ALJ was obligated to obtain the services of a medical advisor for the hearing." Id.; cf. Mem. Mot. Reversal (Docket # 9-1) at 8 ("Given the conflict between the two opinions [that of Dr. Schwartz and the DDS reviewing physician], the ALJ was required to accept the

---

[3] Gill briefly qualified for disability benefits between October 2004 and February 2005; he does not further specify, however, which materials in his prior claim file would have supported his August 2009 applications.

examining source opinion, or obtain an updated examination of Mr. Gill and then employ the services of a Medical advisor at the hearing.").

As stated in this Court's February 11, 2013 Memorandum and Order, "[i]t is the ALJ's prerogative to resolve conflicting evidence," see Vazquez-Rosario v. Barnhart, 149 Fed. Appx. 8, 10 (1st Cir.2005), and the Commissioner's decision must be upheld if it is supported by substantial evidence in the record "even if the record arguably could justify a different conclusion." Rodriguez Pagan v. Sec'y of Health and Human Serv., 819 F.2d 1, 3 (1st Cir.1997)(per curiam), *cert. denied*, 484 U.S. 1012, 108 S.Ct. 713, 98 L.Ed.2d 127, 128 (1988).

The ALJ is required to develop an adequate record in social security proceedings. Evangelista v. Sec'y of Health and Human Serv., 826 F.2d 136, 142 (1st Cir.1987) (citing Deblois v. Sec'y of Health and Human Serv., 686 F.2d 76, 80-81 (1st Cir.1982); Currier v. Sec'y of HEW, 612 F.2d 594, 598 (1st Cir.1980). "[T]his responsibility increases when the applicant is bereft of counsel." Evangelista v. Sec'y of Health and Human Serv., 826 F.2d at 142 (citing Bomes v. Schweiker, 544 F.Supp. 72, 76 (D.Mass.1982)). A remand "is appropriate where 'the court determines that further evidence is necessary to develop the facts of the case fully, that such evidence is not cumulative, and that consideration of it is essential to a fair hearing.'" Heggarty v. Sullivan, 947 F.2d 990,

8

997 (1st Cir.1991)(quoting <u>Evangelista v. Sec'y of Health and Human Serv.</u>, 826 F.2d at 139).

The cases supporting a remand for further development of the record are distinguishable from the circumstances of the instant case. In <u>Deblois</u>, the ALJ noticed the possibility that the disability of the *pro se* claimant - who was suffering from an obvious serious mental disorder - might be war-related and the ALJ referred the claimant for psychological evaluation after the hearing. The ALJ, however, then failed to ask the examining experts whether the plaintiff had been suffering from disabling mental illness while on insured status and whether such illness continued to exist. Because the expert reports suggested the need for further inquiry to "ascertain the antecedence, severity, and duration of the mental illness," the case was remanded for further proceedings. <u>Deblois v. Sec'y of Health and Human Serv.</u>, 686 F.2d at 80.

In <u>Currier</u>, the ALJ relied primarily on the impressions of the *pro se* claimant's examining psychiatrist. <u>Currier v. Sec'y of HEW</u>, 612 F.2d at 596. However, the psychiatrist's evidence was limited to clinical notes "unaccompanied by any formal opinion and diagnosis explaining to what degree and in what respect appellant may be impaired by his mental illness and relating these deficiencies to the requirements of his former job and other available jobs." <u>Id.</u> at 597. Given the "skimpy evidence" before the ALJ and the "gaps in the evidence necessary to a reasoned

evaluation of the claim," the case was remanded for further proceedings. Id. at 598.

In Heggarty, the ALJ denied the *pro se* claimant's application based on a record that contained two RFC forms from non-examining physicians, but without any records from the claimant's treating physician; in addition, the ALJ had specifically informed the claimant that he would arrange to obtain the treating physician's records. Heggarty v. Sullivan, 947 F.2d at 997-998. The district court upheld the Secretary's denial of the claimant's application for benefits, but the First Circuit vacated and remanded the case with directions to remand it to the Secretary. Id. at 998. The Heggarty court noted that any records from the claimant's physician were "conspicuously absent" and that the report of the physician's treatment of the claimant "would not be cumulative or irrelevant," but would "fill a gap in the record." Id. at 997.

Likewise, the case of Manso-Pizarro v. Sec'y of Health and Human Serv., on which Gill relies for the suggestion that the ALJ was required to obtain the services of a medical advisor for the hearing, see Mem. Mot. Alter/Amend at 4, is distinguishable from the instant case. In that case, the record contained "no analysis of functional capacity by a physician or other expert," Manso-Pizarro v. Sec'y of Health and Human Serv.,76 F.3d 15, 17 (1st Cir.1996) and the ALJ's conclusion that the claimant could continue to do her prior medium-level work was "not readily verifiable on

the record as it stands," id. at 19; thus, the case was remanded for further proceedings.

By contrast, at the time of Gill's May 26, 2011 hearing, the ALJ had the benefit of the detailed report by Dr. Schwartz to whom Gill had been referred for psychological evaluation; a case analysis by Dr. Rudnick, including review of Dr. Schwartz's report; and the records by treating physicians Dr. Cohen and Dr. Korennaya. The ALJ also took the opportunity to question Gill at length at the May 26, 2011 hearing. Although Gill indicated to the ALJ that Dr. Cohen had recommended further testing and that he was scheduled to see Dr. Cohen a month after the hearing, Gill was not in treatment or on medication for anxiety at the time of the 2011 hearing. Moreover, the records of Dr. Cohen and Dr. Korennaya indicated that Gill did not report suffering from anxiety a year after Dr. Schwartz's 2009 recommendation that Gill be referred for psychiatric consultation. Based on all the evidence before her, the ALJ concluded that Gill's reports of depression or anxiety were not entirely credible.

It is true that, in this case, the plaintiff's subsequent applications were granted, establishing his disability as of the day following the ALJ's unfavorable decision. However, that determination cannot serve to increase, retroactively, the ALJ's obligation to develop the record before her. Moreover, it is well-established law that the resolution of conflicting evidence is the

ALJ's prerogative. <u>Edwards v. Barnhart</u>, 127 Fed. Appx. 516 (1st Cir.2005). While the ALJ had the authority to order additional consultation, in light of the adequate record before her - which included treating-source medical records as well as reports from non-examining sources and from the consulting psychologist to whom Gill was referred by the Commissioner - the ALJ was not required to do so.

## Conclusion

For the reasons stated herein, Gill's motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) is hereby DENIED.

SO ORDERED.

/s/ Mary M. Lisi

Mary M. Lisi
Chief United States District Judge

April 17, 2013